# EXHIBIT NO. 1

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                          SUPERIOR COURT DEPT.
                                                     OF THE TRIAL COURT
                                                     CIVIL ACTION NO.
                                                          2182CV00610

_____
                                    )
VICTORIA YORDANOVA,                 )
                                    )
        Plaintiff                   )
                                    )        **COMPLAINT AND**
v.                                  )        **DEMAND FOR JURY TRIAL**
                                    )
                                    )
AIRBNB, INC.,                       )
                                    )
        Defendant.                  )
_____)


## INTRODUCTION

This is a case in which Airbnb, Inc. ("Airbnb") recklessly placed Victoria Yordanova

("Victoria"), a 21-year-old college student, into the hands of dangerous criminals, who abducted

and viciously attacked her.  Airbnb profits from connecting travelers to its worldwide network of

short-term rental hosts through its online platform.  Although the plaintiff, Victoria Yordanova,

used Airbnb's platform in an ultimately unsuccessful attempt to secure lodging for herself in

Barcelona, Spain; this case does not involve her use of the Airbnb platform, or its failure to

deliver lodging to her as promised.  Rather, after Airbnb's platform failed Victoria, she turned to

Airbnb's service representative for assistance when she was left alone at night without a place to

stay in a foreign country.  Airbnb undertook to aid Victoria but did so in a grossly negligent

manner and directed her into a dangerous situation despite the fact that Airbnb knew or should

have known that it was doing so.  As a foreseeable result of Airbnb's negligence, Victoria was

led by Airbnb into the site of a criminal enterprise, where she was subjected to a horrific attack

and left with grave physical injuries and serious psychological scars.  In this action, the plaintiff

seeks compensation for her injuries proximately caused by Airbnb's negligence.

## PARTIES

1.     The plaintiff, Victoria Yordanova, is an individual residing at 83 Woodside Avenue,

Wellesley, Norfolk County, Massachusetts.

2.     The defendant, Airbnb Inc., is a corporation with its principal place of business at 888

Brannan Street, 4th Floor, San Francisco, California.

## JURISDICTION AND VENUE

3.     Pursuant to Massachusetts General Laws Chapter 223, Section 1, this Court is a proper

venue for this action, because Victoria lives in Norfolk County, Massachusetts.

4.     Pursuant to Massachusetts General Laws Chapter 223A, Section 3, this Court has

personal jurisdiction over Airbnb, because this action arises out of Airbnb transacting

business in Massachusetts and causing tortious injury in the Commonwealth.

## FACTS

5.     In or about October 2018, Victoria was a 21-year-old college student traveling abroad.

6.     Airbnb is a multinational corporation that uses an online platform to connect travelers

seeking lodging with hosts willing to rent property for the short term.

7.     Airbnb holds itself out to the public as a trusted operation dedicated to the safety of those

who do business with it.

8.     Specifically, Airbnb states on its website, directed at consumers, in bold, large font that

"**Your safety is our priority**."

9.     Airbnb further states on its website that "On any given night, 2 million people stay in

homes on Airbnb in 100,000 cities all over the world.  There are nearly 6 million listings

in 191 countries to choose from—that's more than the top five hotel chains combined. What makes all of that possible?  Trust."

10.     On its website, Airbnb further represents to the public that "Airbnb is designed with safety—both online and off—in mind."

11.     Airbnb represents to the public that it has internal tools that enable it to predict and avoid risky situations, specifically assuring that "Every Airbnb reservation is scored for risk before it's confirmed.  We use predictive analytics and machine learning to instantly evaluate hundreds of signals that help us flag and investigate suspicious activity before it happens."

12.     Airbnb, through its CEO, has publicly stated that "Airbnb is founded really on the premise of trust" and states that Airbnb has invented "a way for strangers to trust one another to stay in homes."

13.     However, Airbnb has recently publicly acknowledged that its efforts to protect the safety of its customers has generally been insufficient.

14.     In an interview on November 6, 2019, Airbnb's CEO has publicly admitted that Airbnb had previously taken a "hands off model" towards verifying information provided by its hosts and guests, and that it has subsequently realized "that that's not really enough, that we have to take more responsibility for the stuff that is on our platform."  He further acknowledged that this transition may have been "too gradual."

15.     On October 4, 2018, Victoria trusted Airbnb and used its platform to reserve a room for the night in Barcelona, Spain with a listed Airbnb host, who used the name "Tamara" on the platform.

16.     On or about October 4, 2018, Victoria flew into Barcelona and arrived at the address of

the apartment that she had reserved with Tamara prior to the agreed time.

17. Notwithstanding Victoria's timely arrival, Tamara refused to allow her into the room that she had reserved, falsely claimed that Victoria had arrived too late and falsely claimed that she was no longer in the area to let her in.

18. Victoria exchanged text messages with Tamara in an unsuccessful attempt to gain entry to the room that she had booked and paid for.

19. At one point during the text message exchange, Tamara reverted to Russian, asking Victoria, in the Russian language, if she spoke Russian.

20. Although it was unknown to Victoria at the time; there were multiple published reports, of which Airbnb was undoubtedly aware at the time, that many Airbnb host sites in Barcelona were under the control of Russian organized crime elements.

21. After Victoria was unsuccessful in gaining access to the room that she had reserved, Victoria telephoned Airbnb's customer service line and spoke with an Airbnb representative.

22. Victoria requested that the Airbnb representative assist her in obtaining a different reservation, but he was unwilling to do so.

23. Instead, Airbnb's representative told Victoria that he would call Tamara and arrange for her to accommodate Victoria.

24. After some time, Victoria again spoke with Airbnb's representative on the telephone, and he informed her that he had spoken to Tamara, and that she was willing to let Victoria stay in a different apartment that was not listed on Airbnb's platform.

25. Airbnb's representative advised Victoria to work it out with Tamara and stay in the off-platform, unlisted apartment offered by Tamara.

26.     At that time, Airbnb knew or should have known that it would be dangerous for Victoria to accept lodging in an unknown apartment in Barcelona from Tamara.

27.     Airbnb knew or should have known that Russian organized crime members were prevalent users of their platform in Barcelona, that Tamara used a Russian name, and Airbnb had access to Tamara's communications with Victoria and knew that she spoke Russian.

28.     Airbnb knew that Tamara had proven unreliable, because she had previously been willing to strand Victoria alone in a foreign country even though she had agreed to host Victoria for the night.

29.     Additionally, it has been publicized that a common method of operation for fraudulent actors using Airbnb's platform as hosts is to offer a different apartment to a guest at the last minute.  On information and belief, Airbnb was familiar with this fraudulent technique, and Tamara's offer to switch apartments for questionable reasons at the last minute should have alerted Airbnb to the fact that Tamara was likely a malicious actor.

30.     Airbnb knew or should have known that Tamara had lied to Victoria regarding the reasons that she was unwilling to give her access to the room that Victoria had reserved. In communications accessible to Airbnb, Tamara had claimed that she was leaving or had left the area and could not let her into the room.  However, Tamara subsequently agreed to allow Victoria to stay in a different apartment, very near the apartment that she had reserved, after demanding additional payment from Victoria.

31.     Airbnb knew or should have known that both the apartment that Tamara listed on the Airbnb platform and the apartment that she ultimately provided to Victoria were not licensed in Barcelona for short-term rentals and therefore not legal for Tamara to rent.

5

32.     On information and belief, Airbnb knew other facts about Tamara through her use of Airbnb's platform that should have triggered further concern about the suitability of an unlisted placement under her control.

33.     Airbnb holds itself out as a company with specialized tools enabling it to "predict and avoid risky situations" based on "hundreds of signals" and could easily have determined that the advice and direction its representative was giving Victoria would lead her into danger.

34.     Airbnb claims to vet sites rented on its platform but had no ability to vet the apartment that Tamara provided to Victoria.  Therefore, Airbnb knowingly sent Victoria to stay in a strange location with an untrustworthy host without making any determination as to the safety of the location.

35.     Relying on Airbnb's advice and direction, Victoria contacted Tamara and rented the unlisted room in the unlisted apartment from Tamara.

36.     Tamara met Victoria at the apartment and let her into the room.

37.     At the apartment, there were three men in a separate room.  The room given to Victoria was unlocked.  Tamara remained in the common living area and slept on the couch.

38.     That night, while Victoria slept in the room provided by Tamara, she was attacked by three men.

39.     On information and belief, the men were allowed into the apartment by Tamara with the intent that they would abduct Victoria.

40.     Victoria awoke in the men's arms as they attempted to abduct her and carry her down the stairs of the apartment building.

41.     Victoria struggled and screamed, and the men dropped her.  As a result, Victoria fell and

rolled down the full staircase, suffering severe injuries and extreme pain and suffering.

42. The men left her severely injured.

43. Neighbors heard Victoria's screams and called the police, who found her and took her to the hospital, where she was treated for her injuries and tested for possible sexual assault.

44. Victoria suffered fractures to her neck, with her C2 vertebrae broken in two places and dislocated.  In addition, she suffered a broken humerus in her right arm.

45.  Victoria was hospitalized in Barcelona for eleven days, including five days in the intensive care unit.

46. Victoria required surgery on her arm in which a titanium rod was placed inside the bone from her shoulder to her elbow, fixed with screws.  The rod will likely permanently remain in her arm and will increase the risk of future infection.  She suffered large visible scars on her arm as a result of the surgical cuts.

47. The injuries to Victoria's neck were life threatening.  It was determined that surgery to repair her neck was too risky, and instead a "halo" was bolted to her skull in order to hold her head in place and protect her neck from movement.  She spent approximately two months in the halo, and during this time, she was unable to drive, had extremely limited mobility and had difficulty sleeping.  It was difficult to locate an airline willing to fly her home from Barcelona, and the flight she ultimately secured was long and painful.

48. Victoria has been required to endure painful physical therapy and continues to have a limited range of motion.

49. Victoria suffered great psychological trauma because of the attack, which continues to impact her.

50. Victoria has incurred substantial medical expenses.

51. As a result of the attack and resulting hospitalization, Victoria incurred increased travel costs in the form of airfare and hotel and other costs necessitated by her unexpected longer stay in Barcelona.

52. Victoria was unable to complete a semester abroad in Ireland as a result of the attack and her injuries, for which she had already paid tuition.

53. Upon her return, Victoria was physically unable to care for herself and required her parents to take leaves of absence from work.

### COUNT I - NEGLIGENCE

54. The plaintiff repeats and realleges the allegations contained in paragraphs 1-53 as if each were fully set forth herein.

55. On or about October 4, 2018, as a result of Airbnb's actions, Victoria was in danger, and Airbnb owed her a duty to assist her in removing herself from danger.

56. Additionally, Airbnb, through its customer service representative, undertook to assist Victoria and had a duty to do so in a reasonably prudent manner.

57. In breach of its duty, Airbnb negligently instructed and directed Victoria to accept lodging from Tamara, an untrustworthy person, in an unknown apartment in a foreign city.

58. As a foreseeable result of Airbnb's breach of its duty, Victoria suffered serious and permanent injuries.

59. Airbnb's negligence is the direct and proximate cause of Victoria's serious and permanent injuries.

60. As a result of her injuries, Victoria has suffered and will continue to suffer great bodily pain and mental anguish, she has missed school, her earning capacity has been and will

continue to be impaired, and she has been forced to expend and will continue to expend large sums of money for medical care and treatment.

61.     Airbnb's actions constitute negligence under Massachusetts common law and entitle Victoria to recover monetary damages.

WHEREFORE, the plaintiff, Victoria Yordanova, respectfully requests that this Honorable Court:

     A.     Enter Judgment in her favor;

     B.     Award her actual and consequential damages in a fair and reasonable amount to be determined at trial;

     C.     Award her the costs, interest, and expenses associated with this action; and

     D.     Grant such other and further relief as justice may require.


<u>THE PLAINTIFF HEREBY CLAIMS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.</u>

Respectfully submitted,

VICTORIA YORDANOVA,

By her Attorneys,

THE McLAUGHLIN BROTHERS, P.C.,


By:    /s/ *Joel E. Faller*
    George A. McLaughlin, III
    BBO No. 544822
    Joel E. Faller
    BBO No. 669474
    One Washington Mall, 16th Floor
    Boston, MA  02108
    (617) 523-7165
    joel.faller@mclaughlinbrothers.com

Dated:  June 30, 2021

# EXHIBIT NO. 2

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>2182CV00610 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|



COUNTY | Norfolk Superior Court (Dedham)

| Plaintiff | VICTORIA YORDANOVA | Defendant: | AIRBNB, INC. |
|---|---|---|---|
| ADDRESS: | 83 Woodside Avenue, Wellesley, Massachusetts | ADDRESS: | 888 Brannan Street, 4th Floor, San Francisco, California |
| | | | |
| | | | |
| Plaintiff Attorney: | George A. McLaughlin, III, Esq. | Defendant Attorney: | |
| ADDRESS: | The McLaughlin Brothers, P.C., One Washington Mall, 16th Floor, | ADDRESS: | |
| Boston, MA  02108 | | | |
| BBO: | 544822 | BBO: | |

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Other negligence-PersonalInjury/PropertyDamage | F | ☒ YES    ☐ NO |

*If "Other" please describe:

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☐ YES   ☒ NO | ☐ YES   ☒ NO |

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

**RECEIVED**

**6/30/21 & 7/1/2021**

A. Documented medical expenses to date

   1. Total hospital expenses _____

   2. Total doctor expenses _____

   3. Total chiropractic expenses _____

   4. Total physical therapy expenses _____

   5. Total other expenses (describe below) _____

          Subtotal (1-5): _____

B. Documented lost wages and compensation to date _____

C. Documented property damages to date _____

D. Reasonably anticipated future medical and hospital expenses _____

E. Reasonably anticipated lost wages _____

F. Other documented items of damages (describe below)

Please see attached.

          TOTAL (A-F): _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Please see attached.

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X _____ Date: 6/30/21

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X _____ Date: 6/30/21

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

AA1 Contract Action involving Commonwealth,
    Municipality, MBTA, etc.     (A)
AB1 Tortious Action involving Commonwealth,
    Municipality, MBTA, etc.     (A)
AC1 Real Property Action involving
    Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action involving Commonwealth,
    Municipality, MBTA, etc.     (A)
AE1 Administrative Action involving
    Commonwealth, Municipality, MBTA,etc. (A)

### CN Contract/Business Cases

A01 Services, Labor, and Materials     (F)
A02 Goods Sold and Delivered     (F)
A03 Commercial Paper     (F)
A04 Employment Contract     (F)
A05 Consumer Revolving Credit - M.R.C.P. 8.1   (F)
A06 Insurance Contract     (F)
A08 Sale or Lease of Real Estate     (F)
A12 Construction Dispute     (A)
A14 Interpleader     (F)
BA1 Governance, Conduct, Internal
    Affairs of Entities     (A)
BA3 Liability of Shareholders, Directors,
    Officers, Partners, etc.     (A)
BB1 Shareholder Derivative     (A)
BB2 Securities Transactions     (A)
BC1 Mergers, Consolidations, Sales of
    Assets, Issuance of Debt, Equity, etc.  (A)
BD1 Intellectual Property     (A)
BD2 Proprietary Information or Trade
    Secrets     (A)
BG1 Financial Institutions/Funds     (A)
BH1 Violation of Antitrust or Trade
    Regulation Laws     (A)
A99 Other Contract/Business Action - Specify (F)

\* Choose this case type if ANY party is the
Commonwealth, a municipality, the MBTA, or any
other governmental entity UNLESS your case is a
case type listed under Administrative Civil Actions
(AA).

† Choose this case type if ANY party is an
incarcerated party, UNLESS your case is a case
type listed under Administrative Civil Actions (AA)
or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

D01 Specific Performance of a Contract   (A)
D02 Reach and Apply     (F)
D03 Injunction     (F)
D04 Reform/ Cancel Instrument     (F)
D05 Equitable Replevin     (F)
D06 Contribution or Indemnification     (F)
D07 Imposition of a Trust     (A)
D08 Minority Shareholder's Suit     (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting     (A)
D11 Enforcement of Restrictive Covenant  (F)
D12 Dissolution of a Partnership     (F)
D13 Declaratory Judgment, G.L. c. 231A  (A)
D14 Dissolution of a Corporation     (F)
D99 Other Equity Action     (F)

### PA Civil Actions Involving Incarcerated Party †

PA1 Contract Action involving an
    Incarcerated Party     (A)
PB1 Tortious Action involving an
    Incarcerated Party     (A)
PC1 Real Property Action involving an
    Incarcerated Party     (F)
PD1 Equity Action involving an
    Incarcerated Party     (F)
PE1 Administrative Action involving an
    Incarcerated Party     (F)

### TR Torts

B03 Motor Vehicle Negligence - Personal
    Injury/Property Damage     (F)
B04 Other Negligence - Personal
    Injury/Property Damage     (F)
B05 Products Liability     (A)
B06 Malpractice - Medical     (A)
B07 Malpractice - Other     (A)
B08 Wrongful Death - Non-medical     (A)
B15 Defamation     (A)
B19 Asbestos     (A)
B20 Personal Injury - Slip & Fall     (F)
B21 Environmental     (F)
B22 Employment Discrimination     (F)
BE1 Fraud, Business Torts, etc.     (A)
B99 Other Tortious Action     (F)

### RP Summary Process (Real Property)

S01 Summary Process - Residential     (X)
S02 Summary Process - Commercial/
    Non-residential     (F)

### RP Real Property

C01 Land Taking     (F)
C02 Zoning Appeal, G.L. c. 40A     (F)
C03 Dispute Concerning Title     (F)
C04 Foreclosure of a Mortgage     (X)
C05 Condominium Lien & Charges     (X)
C99 Other Real Property Action     (F)

### MC Miscellaneous Civil Actions

E18 Foreign Discovery Proceeding     (X)
E97 Prisoner Habeas Corpus     (X)
E22 Lottery Assignment, G.L. c. 10, § 28  (X)

### AB Abuse/Harassment Prevention

E15 Abuse Prevention Petition, G.L. c. 209A  (X)
E21 Protection from Harassment, G.L. c. 258E(X)

### AA Administrative Civil Actions

E02 Appeal from Administrative Agency,
    G.L. c. 30A     (X)
E03 Certiorari Action, G.L. c. 249, § 4   (X)
E05 Confirmation of Arbitration Awards   (X)
E06 Mass Antitrust Act, G.L. c. 93, § 9   (X)
E07 Mass Antitrust Act, G.L. c. 93, § 8   (X)
E08 Appointment of a Receiver     (X)
E09 Construction Surety Bond, G.L. c. 149,
    §§ 29, 29A     (A)
E10 Summary Process Appeal     (X)
E11 Worker's Compensation     (X)
E16 Auto Surcharge Appeal     (X)
E17 Civil Rights Act, G.L. c. 12, § 11H   (A)
E24 Appeal from District Court
    Commitment, G.L. c.123, § 9(b)     (X)
E25 Pleural Registry (Asbestos cases)
E94 Forfeiture, G.L. c. 265, § 56     (X)
E95 Forfeiture, G.L. c. 94C, § 47     (F)
E99 Other Administrative Action     (X)
Z01 Medical Malpractice - Tribunal only,
    G.L. c. 231, § 60B     (X)
Z02 Appeal Bond Denial     (X)

### SO Sex Offender Review

E12 SDP Commitment, G.L. c. 123A, § 12  (X)
E14 SDP Petition, G.L. c. 123A, § 9(b)   (X)

### RC Restricted Civil Actions

E19 Sex Offender Registry, G.L. c. 6, § 178M (X)
E27 Minor Seeking Consent, G.L. c.112, § 12S(X)

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

EXAMPLE:

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES    ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF -** The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

## CIVIL ACTION COVER SHEET – Tort Damages

As a result of her injuries that were caused by the Defendant's negligence, Plaintiff required

hospital treatment in Spain and the United States with a fair and reasonable value exceeding

$80,000.  Additionally, she was unable to finish her college semester and lost the fair and

reasonable value of a semester of college credit.  She required months of caretaking, which her

parents took time off from work to perform.  She and her family further incurred travel expenses

as a result of her prolonged hospital stay.  She has further endured extreme pain and suffering

from both physical injuries and mental trauma.

# EXHIBIT NO. 3



**RECEIVED**

8/17/2021

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT
DEPT. OF THE TRIAL COURT
CIVIL ACTION NO. 2182CV00-610

_____
                                        )
VICTORIA YORDANOVA,                     )
                                        )
              Plaintiff                 )
v.                                      )
                                        )
AIRBNB, INC.,                           )
                                        )
              Defendant.                )
_____)

## AFFIDAVIT OF SERVICE UPON DEFENDANT AIRBNB, INC.

I, Joel E. Faller, hereby depose and state as follows:

1.    I am an attorney at the law firm of The McLaughlin Brothers, P.C., counsel for the

plaintiff, Victoria Yordanova, in the above-captioned action.

2.    The defendant in this action is Airbnb, Inc.

3.    On July 15, 2021, I served the Complaint, Summons, Tracking Order, Civil Action Cover

Sheet, Plaintiff's First Set of Interrogatories to be Answered Under Oath by Airbnb,

Plaintiff's First Request for Production of Documents by Airbnb and Notice and

Acknowledgment pursuant to Section 415.30 of the California Code of Civil Procedure

by mailing copies thereof via certified mail, return receipt requested, to Brian Chesky,

CEO, Airbnb, Inc., 888 Brannan Street, 4th Floor, San Francisco, CA  94103 and

Corporation Service Company Which Will Do Business in California as CSC – Lawyers

Incorporating Service, Registered Agent for Airbnb, Inc., 2710 Gateway Oaks Drive,

Suite 150N, Sacramento, CA  95833-3505.  Said service was made pursuant to

Massachusetts Rules of Civil Procedure Rule 4(e).  A copy of my cover letters are attached hereto as Exhibit A.  The Summons is attached hereto as Exhibit B.  The return receipts are attached hereto as Exhibit C.

Signed under the pains and penalties of perjury, this 17th day of August, 2021.


By: _____
        Joel E. Faller
        BBO No. 659474
        The McLaughlin Brothers, P.C.
        One Washington Mall, 16th Floor
        Boston, MA  02108
        (617) 523-7165
        joel.faller@mclaughlinbrothers.com


## CERTIFICATE OF SERVICE

I, Joel E. Faller, hereby certify that on the 17th day of August, 2021, I served a copy of the foregoing Plaintiff's Affidavit of Service on all parties hereto by mailing copies thereof, via first-class mail, postage prepaid, to Brian Chesky, CEO, Airbnb, Inc., 888 Brannan Street, 4th Floor, San Francisco, CA  94103 and Corporation Service Company Which Will Do Business in California as CSC – Lawyers Incorporating Service, Registered Agent for Airbnb, Inc., 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA  95833-3505.


By: ___/s/Joel E. Faller_____
        Joel E. Faller

# Exhibit A

LAW OFFICES OF
THE McLAUGHLIN BROTHERS, P.C.

*One Washington Mall, 16th Floor*
*Boston, MA  02108*
*Telephone (617) 523-7165*
*Facsimile (617) 227-5240*

July 15, 2021

*Via Certified Mail Tracking No. 7017 2620 0000 0460 0061*
*Return Receipt Requested*
Corporation Service Company Which Will Do Business in California as CSC – Lawyers Incorporating Service
Registered Agent for Airbnb, Inc.
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA  95833-3505

Re:    <u>Victoria Yordanova v. Airbnb, Inc.</u>, Norfolk Superior Court, C.A. 21-610

To whom it may concern:

Pursuant to Massachusetts Rules of Civil Procedure Rule 4(e), the defendant, Airbnb, Inc., is hereby served with copies of the following pleadings and documents in the above referenced matter:

1.    Complaint;

2.    Summons;

3.    Tracking Order;

4.    Civil Action Cover Sheet;

5.    Plaintiff's First Set of Interrogatories to be Answered Under Oath by Airbnb;

6.    Plaintiff's First Request for Production of Documents by Airbnb;

7.    A Notice and Acknowledgment pursuant to Section 415.30 of the California Code of Civil Procedure; and

8.    A self-addressed, stamped envelope.

Please sign the Acknowledgment and return it to me in the envelope provided

Thank you for your prompt attention to this matter.

Sincerely,

THE McLAUGHLIN BROTHERS, P.C.

By:  _____
        Joel E. Faller

Enclosures

H:\AirBNB\letters\Service - CSC.docx

LAW OFFICES OF
# THE McLAUGHLIN BROTHERS, P.C.

*One Washington Mall, 16ᵗʰ Floor*
*Boston, MA  02108*
*Telephone (617) 523-7165*
*Facsimile (617) 227-5240*

July 15, 2021

*Via Certified Mail Tracking No. 7017 2620 0000 0460 0054*
*Return Receipt Requested*
Brian Chesky
CEO, Airbnb, Inc.
888 Brannan Street, 4ᵗʰ Floor
San Francisco, CA  94103

Re:   <u>Victoria Yordanova v. Airbnb, Inc.</u>, Norfolk Superior Court, C.A. 21-610

Mr. Chesky:

Pursuant to Massachusetts Rules of Civil Procedure Rule 4(e), the defendant, Airbnb, Inc., is hereby served with copies of the following pleadings and documents in the above referenced matter:

1.    Complaint;

2.    Summons;

3.    Tracking Order;

4.    Civil Action Cover Sheet;

5.    Plaintiff's First Set of Interrogatories to be Answered Under Oath by Airbnb;

6.    Plaintiff's First Request for Production of Documents by Airbnb;

7.    A Notice and Acknowledgment pursuant to Section 415.30 of the California Code of Civil Procedure; and

8.    A self-addressed, stamped envelope.

Please sign the Acknowledgment and return it to me in the envelope provided

Thank you for your prompt attention to this matter.

Sincerely,

THE McLAUGHLIN BROTHERS, P.C.

By: _____
Joel E. Faller

Enclosures

H:\AirBNB\letters\Service - Brian Chesky CEO.docx

# Exhibit B

(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                                          SUPERIOR COURT
                                                                     CIVIL ACTION

                                                                     NO.

                                                                     **21        610**

Victoria Yordanova , *Plaintiff(s)*

v.

Airbnb, Inc. , *Defendant(s)*

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon George A. McLaughlin, III,
plaintiff's attorney, whose address is The McLaughlin Brothers P.C, One Washington Mall, 16th Fl, Boston, MA 02108
an answer to the complaint which is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You are also required to file your answer to the
complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other
action.

WITNESS, **JUDITH FABRICANT, Esquire** , at Boston, MA the 15 th
day of July , in the year of our Lord two thousand and twenty one

                                                                     Clerk.

NOTES:
1.  This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all such defendants should appear in the caption.
    If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ..........................................., 20       , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

........................................................................................................................................

........................................................................................................................................

........................................................................................................................................

Dated:                              , 20         ................................................................................

**N. B.   TO PROCESS SERVER:-**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN**
**THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON**
**DEFENDANT.**

|  |
|---|
| , 20         . |

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.

..............., *Plaintiff*

v.

..............., *Defendant*

**SUMMONS**

**(Mass. R. Civ. P.4)**

# Exhibit C

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

A. Signature

X [signature]  ☐ Agent
                ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

1. Article Addressed to:

Brian Chesky
CEO
Airbnb, Inc.
888 Brannan St, 4th Floor

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

9590 9402 3879 8060 8825 37

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
   Delivery
☑ Return Receipt for
   Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery

2. Article Number (Transfer from service label)

7017 2620 0000 0460 0054

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

---

USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 3879 8060 8825 37

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Joel Faller
THE McLAUGHLIN BROTHERS, P.C.
One Washington Mall, 16th Floor
Boston, Massachusetts 02108

07/19

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CSC - Lawyers Incorporating Service
2710 Gateway Oaks Dr.
Suite 150 N
Sacramento, CA 95833-3505



9590 9402 3879 8060 8825 20

2. Article Number *(Transfer from service label)*

7017 2620 0000 0460 0061

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**



A. Signature
X                                     ☐ Agent
                                      ☐ Addressee

B. Received by *(Printed Name)*      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

USPS TRACKING #

9590 9402 3879 8060 8825 20

**United States Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•



Joel Faller
THE McLAUGHLIN BROTHERS, P.C.
One Washington Mall, 16th Floor
Boston, Massachusetts 02108

108-260316